IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:24-CR-323 (BKS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL WILLIAMS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### SENTENCING MEMORANDUM OF THE UNITED STATES

The Government seeks a sentence of incarceration within the resulting guidelines range for Defendant Michael Williams, who abused his power as a correction officer trainee and unjustifiably assaulted an inmate in his care.

I.     **FACTUAL AND LEGAL BACKGROUND**

On April 13, 2023, the Defendant, then employed by the New York State Department of Corrections and Community Supervision ("DOCCS") as a correction officer trainee, was on duty overnight in Building 4 at Mid-State Prison in Marcy. PSR ¶ 6. An inmate, J.B. (hereinafter, the "victim"), was brought out of his housing unit for no justifiable reason around 1:00 a.m. *Id.* The victim was surrounded by the Defendant and three other corrections officers. *Id.* The Defendant and two of his fellow, senior officers – Brandon Montanari and Rohail Khan – began punching and kicking the victim repeatedly, and the Defendant threw the victim to the ground. *Id.* ¶¶ 7-8. After collectively striking the victim approximately 15-20 times, the Defendant and the other officers finished their assault. *Id.* Before being allowed to go back to bed, the victim was paraded in front of other inmates and forced to reveal that his offense of conviction involved child sex abuse. *Id.* ¶¶ 8-9.

The following day, another inmate assaulted the victim with a hard and heavy object (believed to be a lock in a sock). *Id.* ¶ 9. The victim was knocked unconscious and was sent to the hospital. *Id.* ¶¶ 9-10. He "reported a headache, dizziness, inability to open his left eyelid, pain, swelling, bleeding, and blurry vision," as well as "a left eye contusion, a half-inch contusion with minimal swelling behind his left ear, and a one-inch laceration on the right side of his scalp," along with "pain in both biceps, both thighs, and both sides of his ribs." *Id.* ¶ 11.

DOCCS undertook an internal investigation of the incident, and the Defendant agreed with Montanari to falsely deny any knowledge of or involvement in the assault. *Id.* ¶ 12. The Defendant was subsequently fired from DOCCS. *Id.* ¶ 13.

## II.     APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A.  Statutory Maximum Penalties

The defendant faces a maximum sentence of 10 years, PSR ¶ 53; a supervised release term of up to three years; *id.* ¶ 56; a fine of up to $250,000, *id.* ¶ 60; and a mandatory special assessment of $100, *id.* ¶ 61.

### B.  Offense Level Computation

The Government agrees with the offense level computation calculated in the PSR except that the Government, consistent with statements it made at the change of plea hearing regarding the Defendant's relative culpability, agrees with the Defendant that he should receive a two-level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant in the criminal activity. *See* Dkt. 24 at 9-10. Although the Defendant participated in the assault, he was a trainee at the time of the offense and was still learning from senior officers how to act on the job and what was expected of him. The more senior officers were in a far better position to stop – or prevent – the assault from happening in the first place and are therefore more culpable for the joint criminal conduct. If this

Court does not agree that a two-level reduction under § 3B1.2(b) is appropriate, the Government requests a sentence that would effectively provide the same reduction in the form of a variance or downward departure.

The Government disagrees with the Defendant regarding his request for a two-level reduction for aberrant behavior under U.S.S.G. § 5K2.20. Although the Defendant's decision to attack an inmate without provocation was an "aberration," as the Government acknowledged at the change of plea hearing, *see* Dkt. 27 at 22, the two-level reduction is unavailable here because "[t]he offense involved serious bodily injury," U.S.S.G. § 5K2.20(c)(1), defined by reference to include "extreme physical pain" or to require "medical intervention such as surgery, hospitalization, or physical rehabilitation," *see* U.S.S.G. §§ 5K2.20 app. n.1 & 1B1.1 app. n.1(M). This is true both because of the extreme pain the joint beating caused and because another inmate's assault resulted in the victim's hospitalization, where that subsequent assault was precipitated by the Defendant's parading the victim in front of other inmates and forcing him to announce his crime. *See* PSR ¶¶ 9-11.

### C. Criminal History Category

The government agrees that the defendant has no criminal history points, establishing a criminal history category of I. PSR ¶ 33.

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

The Government seeks a sentence of incarceration within the resulting guidelines range for the Defendant. Despite his trainee status, the Defendant knew it was illegal and dangerous to join a group assault on an inmate, and he then lied about it to protect his career. Beyond the assault itself, the subsequent parading of the victim before his fellow inmates while forcing him to call out his crime of conviction was a functional green light to other inmates to attack the victim.

Predictably but unfortunately, the next day an inmate violently assaulted the victim with a weapon, resulting in the victim's hospitalization. PSR ¶ 9.

Correction officers unquestionably work in a difficult, stressful, and even dangerous environment. Still, there is no excuse for the Defendant's behavior, and the victim was fortunate to have escaped without even more serious injuries.

## IV.   CONCLUSION

For the reasons described above, the Government respectfully urges this Court to impose a sentence of incarceration within the resulting guidelines range, to be followed by a guidelines term of supervised release. The Government is not seeking a fine based on the Defendant's financial situation. *See* PSR ¶ 52.

Respectfully submitted,

JOHN A. SARCONE III
Acting United States Attorney

By:  /s/ Michael D. Gadarian
     /s/ Michael F. Perry
     _____
     Michael D. Gadarian, Bar Roll No. 517198
     Michael F. Perry, Bar Roll No. 518952
     Assistant United States Attorneys